UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| DATACLOUD TECHNOLOGIES, LLC, | |
|---|---|
| Plaintiff, | Civil Action No. 1:25-cv-_____ |
| v. | |
| ETSY, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud") files this Complaint for patent infringement against Defendant Etsy, Inc. (hereinafter, "Defendant" or "Etsy") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | U.S. Patent | Reference |
|---|---|---|
| 1. | 6,651,063 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/6651063 |
| | | https://patents.google.com/patent/US6651063B1/en?oq=6%2c651%2c063 |
| 2. | 7,209,959 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7209959 |
| | | https://patents.google.com/patent/US7209959B1/en?oq=7%2c209%2c959 |

2. Plaintiff seeks monetary damages.

**PARTIES**

3. DataCloud is a limited liability company organized and existing under the laws of the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite 254,

Alpharetta, Georgia, 30009 (Fulton County).

4. Based upon public information, Etsy is a corporation organized under the laws of the state of Delaware.[1]

5. Based upon public information, Etsy may be served through its registered agent, United Agent Group Inc., located at 1521 Concord Pike, Suite 201, Wilmington, Delaware, 19803.[2]

6. Based upon public information, Etsy has its principal place of business at 117 Adams Street, Brooklyn, New York, 11201.[3]

7. Based upon public information, Etsy may also be served through its registered agent, United Agent Group Inc., located at 600 Mamaroneck Avenue, #400, Harrison, New York, 10528.[4]

## JURISDICTION AND VENUE

8. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

9. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10. Etsy is subject to this Court's specific and general personal jurisdiction under due

---

[1] Source: Delaware Secretary of State Entity Search (*see* https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last visited January 8, 2025)

[2] *See id.*

[3] *See* New York Department of State, Division of Corporations at https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited January 8, 2025)

[4] *See id.*

process because of its substantial business in this Judicial District, in the State of Delaware, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

11. Specifically, Etsy intends to do and does business in, has committed acts of infringement in this District directly, and offers its services, including those accused of infringement here, to customers and potential customers located in the State of Delaware, including in this District.

12. More specifically, Etsy directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Delaware, and in this District.

13. On information and belief, Etsy has significant ties to, and presence in, the State of Delaware, and this District, making venue in this Judicial District both proper and convenient for this action.

14. Therefore, venue is proper in this District pursuant to 28 U.S.C. §1400(b).

## **THE ACCUSED PRODUCTS**

15. Based upon public information, Defendant owns, operates, advertises, and/or controls the website www.etsy.com through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services.[5]

16. Defendant offers at least the following products (hereinafter, the "Accused Products") that infringe one or more claims of the Asserted Patents:

---

[5] Last visited January 26, 2025.

- Etsy Seller app;
- Etsy websites/systems supporting multiple domain names on the same website infrastructure.

17. By letter dated December 15, 2020, Defendant was informed of DataCloud's patent portfolio, including the Asserted Patents.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,651,063

18. Plaintiff re-alleges and incorporates by reference each of paragraphs 1-17 above as though fully set forth in their entirety.

19. U.S. Patent No. 6,651,063 (the "'063 patent") was issued on November 18, 2003 after full and fair examination by the USPTO of Application No. 09/493,911 which was filed on January 28, 2000. The '063 patent is entitled "Data Organization And Management System And Method." *See* '063 patent at p.1. A Certificate of Correction was issued on February 3, 2004.

20. The claims of the '063 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve networks and network systems by providing an organization scheme to streamline the process for storage and retrieval of information through a combination of automatic categorization and user influence.

21. The written description of the '063 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

22. DataCloud owns all substantial rights, interest, and title in and to the '063 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and

to collect damages for all relevant times.

23. DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '063 patent.

24. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '063 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Etsy Seller app (as shown below).



**Figure 1:** Screenshot from Etsy webpage
(source:
https://www.etsy.com/mobile?_branch_match_id=1357352781210974840&utm_source=Web&utm_campaign=Etsy%20Homepage%20Footer&utm_medium=marketing&_branch_referrer=H4sIAAAAAAAA8soKSkottLXTy0prtRLLCjQy8nMy9ZPMc9zCU0pMLEMs68rSk1LLSrKzEuPTyrKLy9OLbJ1TUlPBQBOGwpeOAAAAA%3D%3D ; last visited January 26, 2025)



**Figure 2:** Screenshot from the Google Play Store for the Etsy app
(source: https://play.google.com/store/apps/details?id=com.etsy.android ; last visited January 26, 2025)



**Figure 3**: Screenshot from the App Store for the Etsy app
(source: https://apps.apple.com/us/app/etsy-seller-manage-your-shop/id1534619962 ; last visited January 26, 2025)

25. Based upon public information, the Etsy Seller app meets each and every step of at least Claim 4 of the '063 Patent, either literally or equivalently. Using the Etsy Seller app, Defendant performs a method for providing information to one or more users of a system comprising the steps of: storing information to be provided in an information pack; associating with said information pack at least a user destination address associated with one of a multiplicity of user data repositories each of said user data repositories associated with at least one of said users and a category identifier; associating with said information pack a provider identifier; communicating said information pack by means of a network to said user data repository associated with the user destination address; locating said information pack in a location of said user data repository associated with the user destination address reserved for information corresponding to a category to which said category identifier corresponds; and further comprising, after said step of communicating the information pack to said user data repository associated with the user destination address, the steps of: creating a custom location in said user data repository; placing said information pack in said custom location; associating a custom category identifier with said information pack; sending a custom category signal to a processing station uniquely associated with said user data repository including a data storage means and a data processing means, said data storage means storing together said custom category identifier and said provider identifier, and said data processing means analyzing the provider identifier of subsequent of said information packs, comparing said provider identifier of said subsequent information packs with said provider identifier stored in said storage means and in the event of a match between the provider identifier of one of said subsequent information packs and the provider identifier stored in said storage means, placing said one of the subsequent information packs in said custom location.

26. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

27. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II: <u>INFRINGEMENT OF U.S. PATENT NO. 7,209,959</u>**

28. Plaintiff re-alleges and incorporates by reference each of the paragraphs 1-17 above as though fully set forth in their entirety.

29. U.S. Patent No. 7,209,959 (the "'959 patent") was issued on April 24, 2007 after full and fair examination by the USPTO of Application No. 09/542,858 which was filed on April 4, 2000. *See* '959 patent at p. 1. The '959 patent is entitled "Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain Providing Anonymity To A Client Communicating On The Network."

30. The claims of the '959 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network activity for individual clients and groups of clients for, among other reasons, security, traffic management, and routing purposes.

31. The written description of the '959 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

32. DataCloud owns all substantial rights, interest, and title in and to the '959 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

33. DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '959 patent.

34. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '959 Patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises Etsy systems for supporting multiple domain names on the same website infrastructure ("Etsy website infrastructure").[6]

35. Based upon public information,[7] Etsy website infrastructure meets each and every step of at least Claim 1 of the '959 Patent, either literally or equivalently. Defendant has infringed one or more claims of the '959 Patent because Etsy website infrastructure a method of, in response to a request (*e.g.,* "Client Hello") by a client to initiate communication with a destination website (*e.g.,* etsy.com, www.etsy.com, adobe.etsy.com, advocacy.etsy.com, airbnb.etsy.com, blog.etsy.com, *etc.*), setting up a forwarding session (*e.g.*, from the internet to a WWW server) between the client (*e.g.*, internet device) and a destination server corresponding to the destination website (*e.g.*, WWW server), the forwarding session employing a forwarder disposed between (*e.g.*, a front-end server switch) the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the

---

[6] *See, e.g.,* https://www.etsy.com/ ; last visited January 26, 2025)
[7] *See* https://subdomainfinder.c99.nl/scans/2024-08-28/Etsy.com (last visited January 26, 2025)

client (*e.g.,* bilateral communications); employing the forwarder (*e.g.,* front-end server switch), to transfer packets (*e.g.,* ethernet or others) between the client (*e.g.,* internet device) and the destination server (*e.g.,* WWW server) during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder (*e.g.,* the WWW server has a direct TCP connection between a local IP address and a client IP address, each being different; thus, neither the client or the destination server is aware of the employment of the forwarder); employing a controller configured to communicate (*e.g.,* firewall) with the forwarder (*e.g.,* front-end server switch) and a domain name server (*e.g.,* a DNS), wherein the controller queries the domain name server to resolve the name of the destination website (*e.g.,* www.etsy.com, adobe.etsy.com, advocacy.etsy.com, airbnb.etsy.com, blog.etsy.com, *etc.*), associated with the destination server (*e.g.,* WWW server) and initiates communication (*e.g.,* between the firewall and front-end server switch) with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server; employing a deceiver (*e.g.,* router) configured to communicate with the controller (*e.g.,* firewall) and the client (*e.g.,* internet device), wherein the deceiver receives the request by the client to initiate communication (*e.g.,* from the internet to the router) with the destination website (*e.g.,* www.etsy.com, adobe.etsy.com, advocacy.etsy.com, airbnb.etsy.com, blog.etsy.com, *etc.* on a WWW server) and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server (*e.g.,* the router both (i) receives the request and (ii) sends the data from the WWW server in a manner that makes the router appear to be the source of the data, when the source of the data is actually the WWW server); and in response to the controller (*e.g.,* router) receiving the answer from the domain name server and initiating communication with

the forwarder initiating the forwarding session.

36. Defendant's activities have been without authority and/or license from Plaintiff.

37. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

38. Plaintiff demands a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

39. Plaintiff respectfully requests the following relief:

   A. An adjudication that one or more claims of the Asserted Patents has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

   B. An award of damages to be paid by Defendant adequate to compensate Plaintiff Defendant's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

   C. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

   D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

   E. Any further relief that this Court deems just and proper.

Dated: <u>January 28, 2025</u>                           Respectfully submitted,

**STAMOULIS & WEINBLATT, LLC**

<u>/s/ Stamatios Stamoulis</u>

Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street Third Floor
Wilmington, Delaware 19801
Telephone: (302) 999-1540
Email: stamoulis@swdelaw.com
Email: weinblatt@swdelaw.com

James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA 507179)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com

*Attorneys for Plaintiff DATACLOUD TECHNOLOGIES, LLC*

\* Admission *pro hac vice* anticipated

<u>Attachments</u>

- Civil Cover Sheet